JULIENNE LOZIER FANTASIA
*vs.*
DOMENICK A. FANTASIA

Superior Court      Hartford County      File No. 60529

MEMORANDUM FILED JANUARY 16, 1940.

*Joseph P. O'Connell,* of Bristol, for the Plaintiff.

INGLIS, J.  In this action the plaintiff prays the annulment of the marriage which she entered into with the defendant at Millerton, New York, on December 22, 1938, without her parents' consent, on the ground that at that time she was a minor of the age of nineteen years.

So far as appears, the New York statute renders voidable marriages of minor females only if such females are under the age of eighteen years.  Accordingly, under the New York law, this marriage was valid.

The plaintiff's contention, however, is that she, having been domiciled in Connecticut, the Connecticut law which required the written consent of her parents to the marriage, would apply.  To support this contention she cites some authorities of which *Cunningham vs. Cunningham,* 206 N. Y. 341, 99 N. E. 845, is a fair sample.  It does not appear that these authorities support her contention.  In the *Cunningham* case, a New York resident, a woman under eighteen years of age, was married in New Jersey, and then returned to New York, and proceeding under the New York statute, obtained a decree of nullity as to that marriage.  The marriage was illegal in New Jersey, and the only question decided by the court was as to whether the New York statute providing for a procedure in the New York

courts, could be invoked to permit the New York court to enter the decree. It was held that the New York statute would apply to that extent, but it is to be noted that the question involved was one as to procedure rather than the substantive question of the validity of the marriage.

So far as the substantive law is concerned, it is universally recognized that a marriage, valid in the jurisdiction in which it is performed, is valid everywhere unless, of course, it violates some rule of public policy, and for that reason it is concluded that the marriage involved in the present case, being valid in New York is likewise valid in Connecticut.

Even though the validity of the marriage involved in this case were to be tested by the law of Connecticut, however, it still is a valid marriage. The only statutory provision which is claimed to have been violated is the provision of our Connecticut statute which requires the written consent of the parents to the marriage of any minor. This statute does not expressly provide that a marriage performed in violation thereof shall be void or voidable.

In *Gould vs. Gould,* 78 Conn., 242, 246, it is said: "questions soon arose as to whether marriages celebrated in contravention of any of the prohibitions of the statute of 1702 could be treated as valid. That they could be, if the only objection was the want of the consent of parent or guardian, or a failure to publish the banns, was generally conceded." The case clearly lays down the rule that marriages performed in violation of the provisions of any statute are to be held voidable only in the event that it appears to be the clear intention of the Legislature to make such marriages void.

The statute in question imposes penalties for its violation, but does not either expressly or by clear inference, indicate that the Legislature intended that as a result of the violation of the statute, the marriage itself should be either void or voidable.

Accordingly, it cannot well be held that the marriage involved in this case is rendered either void or voidable by reason of the fact that the plaintiff was a minor who entered into the marriage without her parents' consent.

Judgment may enter denying the decree of nullity.